IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ZHENGFENG BO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-79 (RDA/JFA) |
| | ) |
| RUI TANG, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Rui Tang and Defendant ConnectChain, Inc.'s ("ConnectChain") (collectively, "Defendants") Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss" or "Motion"). Dkt. 21. This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J).[1] This matter has been fully briefed and is now ripe for disposition. Considering the Motion together with this Court's Memorandum Opinion and Order (Dkt. 19), Plaintiff Zhengfeng Bo's Amended Complaint (Dkt. 20), Defendants' Memorandum in Support (Dkt. 22), Plaintiff's Opposition (Dkt. 24), and Defendants' Reply (Dkt. 25), this Court GRANTS-IN-PART and DENIES-IN-PART the Motion for the reasons that follow.

---

[1] On August 2, 2024, Plaintiff made a request for an in-person hearing. Dkt. 28. Plaintiff's Request is premised entirely on Plaintiff's perception that the Motion has been pending for an unduly long length of time and does not suggest that a hearing is necessary or that a hearing would aid in the decisional process. Accordingly, to the extent the Request is construed as a motion, that motion is denied.

I.  BACKGROUND

Plaintiff Zhengfeng Bo asserts two counts under Virginia law against Defendants Tang and ConnectChain: (1) breach of contract; and (2) unjust enrichment in the alternative.  Dkt 20.  In sum, Plaintiff alleges that he entered into several loan agreements with Defendants, and that Defendants have breached those contracts and have been unjustly enriched by their failure to repay the loan.  The factual allegations set forth in the Amended Complaint are largely the same as those previously set forth in the original Complaint.  *Compare* Dkt. 1 *with* Dkt. 20; *see also* Dkt. 19.

The facts as alleged indicate that, in August 2018, Plaintiff was introduced to Defendant Tang.  Dkt. 20 ¶ 6.  Later, in October 2018, Defendant Tang told Plaintiff about Defendant Tang's business ventures in the digital currency and blockchain markets.  *Id*. ¶ 7.  Defendant Tang then proposed that Plaintiff lend Defendants $300,000, which would be repaid in full within two years, and that, in addition, Plaintiff would receive two times the principal in interest.  *Id*. ¶ 8.  Plaintiff and Defendant Tang orally agreed to those terms.  *Id*. ¶ 9.

On October 25, 2018, Plaintiff ordered a $300,000 Cashier's Check payable to ConnectChain.  *See* Dkt. 20 ¶ 10; Dkt. 20-1 (October 2018 Cashier's Check).[2]  In April 2020, Defendant Tang approached Plaintiff for the loan of an additional $80,000 on the same terms as the first loan.  *Id*. ¶ 11.  Plaintiff agreed, but on the condition that the two loans be merged into one loan and that the agreement be formalized in writing.  *Id*. ¶ 12.

---

[2] Although the general rule is that documents outside of the complaint may not be considered in the context of a motion to dismiss, the Court may consider documents that are either attached to or referenced in the complaint.  *See Shooting Point, LLC v. Cumming*, 238 F. Supp. 3d 729, 736 (E.D. Va. 2002) (collecting cases).  Here, there are several agreements and payment receipts that are both referenced in and attached to the Amended Complaint.  *See* Dkt. Nos. 20-1 (October 2018 Cashier's Check); 20-2 (Acknowledgment of Debt); 20-3 (May 2020 Wire Transfer); 20-4 (October 2021 Repayment Plan).  Thus, each of those documents may be considered when deciding the pending Motion.

2

On April 28, 2020, the parties entered into a contract whereby Plaintiff loaned a sum of $380,000 to be paid in full – with interest – on or before May 2021. *See* Dkt. 20 ¶ 13; Dkt. 20-2 (Acknowledgment of Debt). It appears that the original document was written in both Chinese and English (on page 1) and that Plaintiff has provided a translation that contains only English (pages 2-3). Dkt 20-2.[3] The Acknowledgment of Debt provides:

- First, that "ConnectChain, Inc. (Actual person in control: Rui Tang), ("the debtor") acknowledge that *they* are lawfully indebted to Zhengfeng Bo."

- Second, that "*I* undertake to repay the debt in full by 2021.5, profit will pay in additional way."

- Third, signed by "Rui Tang" with no apparent reference to ConnectChain.

- Finally, under a separate heading "Receipt" on page 2, it states "ConnectChain, Inc. (actual debtor: Rui Tang) borrowed a loan . . ." and that page again appears to be signed by "Rui Tang" with no apparent reference to ConnectChain.

*Id*. (emphasis added). After execution of the written contract, Plaintiff then wired $80,000 to Defendant ConnectChain's bank account. Dkt. 20 ¶ 14. Defendant Tang represented to Plaintiff that the loan would be used by Defendant Connect Chain for legitimate business purposes. Plaintiff maintains he has seen no evidence demonstrating how the funds were used. *Id*. ¶ 15.

In April 2021, Defendants made an initial payment of $6,175, which was followed by a payment of 24,0000 RMB (or approximately $3,722) and $9,897. *See* Dkt. 20 ¶¶ 16, 17. In May 2021, Defendants made a payment of $3,425. *See id*. ¶ 17. Between May 2021 and October 2021, Plaintiff made several attempts to collect the remaining balance of the loan without success. *Id*. ¶ 19.

---

[3] Despite the Court noting this issue in its prior Memorandum Opinion and Order, neither party addresses the translation of the agreement, nor do they explain whether the English on page 1 was translated or whether only the English on page 2 represents the translation. Dkt. 3.

In October 2021, Defendant Tang proposed a repayment plan of $5,000 per month for seventy-four months, with the first payment due in January 2022. Dkt. 20 ¶ 20. The parties agreed to and signed the Repayment Plan. Dkt. Nos. 20 ¶ 20; 20-4. The Repayment Plan was originally written wholly in Chinese and was translated into English. *See* Dkt. 20-4. In relevant part, the English translation of the Repayment Plan provides: "The total loan is USD 380,000, *I* have repaid 6,175 + 3,425 ++ [sic] 3,722 (RMB 24,000) . . . . Starting from January 2022, *I* will repay USD 5,000 every month and *I* pay off the principal in a total of 74 months." *Id*. (emphasis added). The Repayment Plan is signed "Rui Tang" without any apparent reference on the document to ConnectChain. *Id*.

In January 2022, Defendants made the required $5000 payment, but then skipped the February 2022 payment and only made a $1000 payment in March 2022. Dkt. 20 ¶ 22. No further payments have been made towards the loan. *Id*. Plaintiff alleges that, at all relevant times, Defendants were "alter egos of one another, and were jointly and severally liable for all loans and obligations for which Tang signed" and "averments about and against Tang are to be interpreted as fully stated against ConnectChain, Inc. and, likewise, all averments about and against ConnectChain, Inc. are to be interpreted as fully stated against Tang." *Id*. ¶ 24. Plaintiff also alleges that Defendant ConnectChain never demonstrated to Plaintiff in any way that any of the $380,000 loaned to Defendants was used for legitimate business purposes, nor that there is any indication that ConnectChain conducted any business whatsoever. *Id*. ¶ 25. From this perspective, Plaintiff further alleges that some or all of the loaned funds were retained and used by Defendant Tang for his personal benefit. *Id*. Finally, Plaintiff alleges that Defendant Tang accepted and knew of the benefit conferred on him – both individually and on behalf of ConnectChain – by Plaintiff, and reasonably expected to repay the benefit to Plaintiff. *Id*. ¶ 26.

On January 16, 2023, Plaintiff filed his Complaint. Dkt. 1. On February 6, 2023, Defendants filed their original Motion to Dismiss. Dkt. 9. On February 21, 2023, Plaintiff filed his original Opposition, and, on February 27, 2023, Defendants filed their original Reply. Dkt. 13, 17. On August 30, 2023, the Court issued its Memorandum Opinion and Order, and granted in part and denied without prejudice in part Defendants' Motion to Dismiss. Dkt. 19. On September 12, 2023, Plaintiff filed his First Amended Complaint. Dkt. 20. On September 26, 2023, Defendants filed the instant Motion to Dismiss, Dkt. 21, along with a Memorandum in Support, Dkt. 22. On October 10, 2023, Plaintiff filed his Opposition, and, on October 13, 2023, Defendants filed their Reply. Dkts. 24, 25.

## II. STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Id.*; *Twombly*, 550 U.S. 544, 555 (2007). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009)

(quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III.   ANALYSIS

The Amended Complaint reduces the four counts in the original Complaint to two: Breach of Contract and Unjust Enrichment. Dkt. 20. In the prior Memorandum Opinion and Order, the Court found that Plaintiff had plausibly alleged a breach of contract claim against each of the Defendants. Dkt. 19. Despite this holding, Defendants' current Motion seeks dismissal of the entire Amended Complaint. Each of Defendants' arguments is addressed below.

#### A.   Plaintiff States a Claim for Breach of Contract

Defendants make several arguments with respect to Plaintiff's breach of contract claim. Importantly, this Court has previously found that Plaintiff had plausibly alleged that both Defendants were parties to at least one contract: Defendant ConnectChain was a party to the Acknowledgement of Debt and Defendant Tang was a party to the Repayment Plan. Dkt. 19 at 21. The Court therefore denied the first motion to dismiss the breach of contract claim. *Id*.

Despite the factual recitals in the Amended Complaint being virtually the same, Defendants again seek to dismiss the breach of contract claim. Essentially, Defendants are asking the Court to reconsider its prior Memorandum Opinion and Order. There is no basis to reconsider and, therefore, the Court will deny the Motion in this regard.

Moreover, Defendants' renewed arguments on the breach of contract claim still fail to persuade. Although perhaps Plaintiff should have reasonably construed the Court's exhaustive analysis of his breach of contract claim as a suggestion that he should be clearer with respect to which contract was breached by which Defendant, at this juncture, Plaintiff has plausibly stated a

6

breach of contract claim against each Defendant. Defendants' argument that the breach of contract claim amounts to no more than threadbare recitals is unavailing and contradicted by the Amended Complaint. Dkt. 22 at 8. The Amended Complaint contains sufficient factual allegations for the Court to identify who signed the Acknowledgment of Debt and who signed the Repayment Plan, the funds at stake for each contract, and the deadlines each contract provided for repayment. *See Jones v. Fulton Bank, N.A.*, 565 F. App'x 251, 252 (4th Cir. 2014) (describing elements of a breach of contract claim under Virginia law).[4]

Defendant is, however, correct that this Court has previously held that Defendant Tang may not be sued for the entire amount of the loan. Dkt. 21 at 11 (citing Dkt. 19 at 21). In the Memorandum Opinion and Order, this Court held that Plaintiff could not seek the full amount of the outstanding payments from Defendant Tang, because there was no acceleration clause in the contract. *Id*. at 20 (citing *Zeaman v. Zeaman*, 52 Va. Cir. 48, 2000 WL 1210020, at *2 (Va. Cir. Feb. 9, 2000) ("[I]n Virginia, absent an acceleration clause, damages arising from the breach of a contract to pay money in installments are limited to the amount of unpaid installments.")). Accordingly, the Motion to Dismiss will be granted to the extent that the damages recoverable against Defendant Tang are limited to the amount of the missed payments pursuant to the Repayment Plan. Otherwise, the Motion to Dismiss with respect to the breach of contract claim will be denied.

---

[4] In perhaps an inartful wording of the breach of contract claim, the Amended Complaint states that the Defendants "breached an enforceable agreement whereby Defendants would pay back the monies loaned to them." Dkt. 20 ¶ 28. Defendants seize on this phrase to argue that the only contract to which both Defendants were a party was the Oral Agreement that the Court has already determined cannot support a breach of contract claim and that the breach of contract claim must therefore be dismissed. Dkt. 21 at 9-10. The Court does not construe the Amended Complaint in this nonsensical manner. Rather, it appears to the Court that Plaintiff was adhering to the Court's ruling that Plaintiff had plausibly alleged that each Defendant had breached at least one agreement.

B.  Plaintiff Fails to State an Unjust Enrichment Claim

Defendants argue that Plaintiff fails to state a claim for unjust enrichment because there is an express contract governing the parties' relationship. Dkt. 22 at 12. Courts in this District, applying Virginia law, have, however, recognized that "pleading unjust enrichment as an alternative to a breach of contract claim is appropriate where the validity or existence of an express contract governing the plaintiff's claims is in dispute." *Commerce & Indus. Ins. Co., Inc. v. Advance Tech., Inc.*, 2009 WL 10688418, at 1 (E.D. Va. Oct. 7, 2009). Here, the ambiguity regarding Defendant Tang's signature – and whether he intended to bind himself, ConnectChain, or both – creates an ambiguity about whether Plaintiff's claims are governed by an express contract.[5] Plaintiff has now indicated that the unjust enrichment claim is pled in the alternative. Thus, Plaintiff *could* plead an unjust enrichment claim, *if* Plaintiff included sufficient facts from which the Court could determine that such a claim is plausible. Plaintiff has not done so here.

The parties agree that an unjust enrichment claim exists where: (1) a plaintiff confers a benefit on a defendant; (2) the defendant knows of the benefit and should reasonably expect to repay the benefit; and (3) the defendant accepted or retained the benefit without paying for the value of the benefit. *T. Musgrove Constr. Co. v. Young*, 298 Va. 480, 486 (2020). Here, Defendants correctly argue that Plaintiff relies on threadbare recitals of the elements of an unjust enrichment claim, without sufficient factual allegations. Dkt. 21 at 13.

Plaintiff has alleged, and submitted documents reflecting, that Plaintiff made payments to ConnectChain, thus establishing that ConnectChain retained a benefit. Dkt. 20 ¶¶ 10, 14. But Plaintiff's allegations with respect to Defendant Tang are wholly conclusory and speculative.

---

[5] At this stage of the proceeding, there appears to be no dispute that ConnectChain was a party to at least one contract and thus Plaintiff cannot state an unjust enrichment claim against ConnectChain.

Dkt. 20 ¶¶ 37-38. Plaintiff argues that Defendant ConnectChain's lack of demonstration of the legitimacy of its business practices generally allows for a reasonable inference that Defendant Tang has retained the money for his own benefit. Not so. Plaintiff has made no allegation that Defendant Tang directly received some or all of the funds sent by Plaintiff to Defendant ConnectChain. Therefore, Plaintiff has not plausibly alleged that Defendant Tang received or retained any benefit.[6] Accordingly, Plaintiff's allegation of any potential retention of benefit by Defendant Tang is conclusory, and the unjust enrichment claim against Defendant Tang will be dismissed.

The Court must now determine whether that dismissal should be with prejudice. Plaintiff has now had the opportunity to amend his Complaint with the full benefit of the Court's reasoning in the Memorandum Opinion and Order and with the benefit of Defendants' argument in the first motion to dismiss. That Plaintiff, who is represented by counsel, has failed to offer any substantive allegations regarding any benefits conferred on or retained by Defendant Tang, suggests that Plaintiff is unable to provide any such allegations and that permitting further amendment would be futile. *See Woods v. WMATA*, 2019 WL 3766508, at *7 (D. Md. Aug. 9, 2019) ("[W]hen a plaintiff has had the opportunity to amend in response to a defendant's identification of pleading deficiencies but still fails to state a claim, dismissal with prejudice is appropriate because another opportunity to amend would be futile."). Accordingly, the unjust enrichment claim (Count 2) will now be dismissed with prejudice.

---

[6] To the extent that Plaintiff relies on an argument that Defendant Tang was an alter ego of Defendant ConnectChain, that argument would be premised on a different theory of liability and would require additional factual allegations not present here. *See Mulugeta v. Ademachew*, 407 F. Supp. 3d 569, 593 (E.D. Va. 2019) (discussing the Supreme Court of Virginia's holdings regarding alter ego liability).

## IV. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendants' Motion to Dismiss (Dkt. 21) is GRANTED-IN-PART and DENIED-IN-PART. The Motion is granted with respect to the unjust enrichment claim and to the extent that the breach of contract claim against Defendant Tang is limited to the amount of the alleged missed payments under the Repayment Plan. The Motion is denied with respect to the breach of contract claim; and it is

FURTHER ORDERED that Plaintiff's breach of contract claim against Defendant Tang is LIMITED, such that Plaintiff may only seek recovery of the alleged missed payments under the Repayment Plan; and it is

FURTHER ORDERED that Plaintiff's unjust enrichment claim (Count 2) is DISMISSED WITH PREJUDICE; and it is

FURTHER ORDERED that Plaintiff's Request for Hearing (Dkt. 28) on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint is DENIED.

The Clerk is directed to forward this Memorandum Opinion and Order to counsel of record.

It is SO ORDERED.

Alexandria, Virginia
August 14, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge